[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, MADELINE KRASNO, and RYAN HARTKOPF,<br><br>   Plaintiffs–Appellants,<br><br>   v.<br><br>LAWRENCE A. TABAK, in his official capacity as Acting Director of the National Institutes of Health, and XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services,<br><br>   Defendants–Appellees. | Case No. 23-5110 |

## CONSENT MOTION FOR EXTENSION OF TIME
## TO FILE REPLY BRIEF

Pursuant to Federal Rule of Appellate Procedure 26(b) and D.C. Circuit Rule 28(e), Plaintiffs–Appellants ("Plaintiffs") respectfully move for an extension of the deadline to file their Reply Brief to January 5, 2024. Defendants–Appellees ("Defendants") consent to this request. This is Plaintiffs' first motion for an extension.

1

As explained below, Plaintiffs are requesting the extension to allow sufficient time for the parties to take steps to resolve a jurisdictional defect in this appeal.

On September 9, 2021, Plaintiffs filed a complaint for declaratory and injunctive relief against Defendants Lawrence A. Tabak, in his official capacity as acting Director of the National Institutes of Health ("NIH"), and Xavier Becerra, in his official capacity as Secretary of the U.S. Department of Health and Human Services ("HHS"), to prevent the NIH and HHS from blocking comments posted to the agencies' social media pages. *See PETA* Compl., ECF No. 1. The complaint asserted two claims against HHS: (1) that HHS was liable, based on its managerial authority over the NIH, for the NIH's use of keyword blocking on the NIH's social media pages, *id.* ¶ 12; and (2) that HHS was liable for its own use of keyword blocking on the HHS Facebook page, *id.* ¶¶ 58–59, 65; *see also id.* ¶¶ 53–55, 65–66, 71–72, 78–79, 80–83.

On February 11, 2022, the parties filed a joint stipulation of facts and a joint status report informing the district court of their intent to file cross-motions for summary judgment as to the claims against the NIH and HHS based on the NIH's use of keyword blocking on its Facebook and Instagram accounts, but not as to the separate claim against HHS based on its own Facebook account. *PETA* Joint Stipulation, ECF No. 28; *PETA* Joint Status Report, ECF No. 29.

2

On March 31, 2023, the district court held that Defendants were entitled to judgment as a matter of law on Plaintiffs' claims concerning the NIH's keyword blocking. *PETA* Mem. Op. 30, ECF No. 44. In a separate order entered on the same day, the district court granted Defendants' cross-motion for summary judgment, denied Plaintiffs' motion for summary judgment, and directed the Clerk of the Court to close the case. *PETA* Order, March 31, 2023, ECF No. 43.

On May 11, 2023, Plaintiffs filed a notice of appeal of the district court's March 31, 2023 order. *PETA* Pls.' Notice of Appeal, ECF No. 45. As a result of an oversight, Plaintiffs did not seek to have their claims related to HHS's Facebook account resolved prior to filing their notice of appeal. On May 15, 2023, the appeal was transmitted to the D.C. Circuit. *PETA* Transmission of the Notice of Appeal, ECF No. 46.

Defendants noted in their Brief for Appellees that because the cross-motions for summary judgment did not address all of Plaintiffs' claims, this Court lacks jurisdiction. Doc. No. 2026268 at 20–21. Defendants further stated that they would not object to Plaintiffs taking steps to cure the jurisdictional defect by dismissing their remaining claims against HHS with prejudice in the district court. *Id.* at 21.

With Defendants' consent, Plaintiffs intend to file with the district court a Joint Stipulation of Voluntary Dismissal and a Motion for an Indicative Ruling asking the district court to dismiss the remaining claims against HSS with prejudice.

3

If the district court grants the motion and issues an indicative ruling, the parties will notify this Court and ask it to grant a limited remand to allow the district court to enter an order dismissing the remaining claims.

Accordingly, to give the parties time to cure the identified jurisdictional defect, Plaintiffs request that the deadline for filing their Reply Brief be extended from December 13, 2023 to January 5, 2024. Defendants consent to this request.

November 30, 2023

/s/ Christopher A. Berry
Christopher A. Berry
Animal Legal Defense Fund
525 E. Cotati Ave.
Cotati, CA 94931
(707) 795-2533 ext. 1041
cberry@aldf.org

Caitlin M. Foley
Animal Legal Defense Fund
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(707) 795-2533 ext. 1043
cfoley@aldf.org

*Counsel for Plaintiffs-Appellants Madeline Krasno and Ryan Hartkopf*

/s/ Ashley Ridgway
Ashley Ridgway
Asher Smith
Aaron Frazier
PETA Foundation
1536 16th Street NW

Respectfully submitted,

/s/ Katherine Fallow
Katherine Fallow
Alexia Ramirez
Stephanie Krent
Jameel Jaffer
Knight First Amendment Institute
   at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
katie.fallow@knightcolumbia.org

*Counsel for Plaintiffs-Appellants*

4

Washington, DC 20036
(202) 483-7382
ashleyr@petaf.org

*Counsel for Plaintiff-Appellant People
   for the Ethical Treatment of Animals*

## **Certificate of Compliance**

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 630 words, as calculated by the word-counting function.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ Katherine Fallow
Katherine Fallow

## **Certificate of Service**

I, Katherine Fallow, certify that on November 30, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                              /s/ Katherine Fallow
                                              Katherine Fallow