[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, MADELINE KRASNO, and RYAN HARTKOPF, <br><br> Plaintiffs–Appellants, <br><br> v. <br><br> LAWRENCE A. TABAK, in his official capacity as Acting Director of the National Institutes of Health, and XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services, <br><br> Defendants–Appellees. | Case No. 23-5110 |

## NOTICE OF DISTRICT COURT'S INDICATIVE RULING AND CONSENT MOTION FOR LIMITED REMAND

As required under Federal Rule of Appellate Procedure 12.1(a), Plaintiffs–Appellants ("Plaintiffs") provide notice of an indicative ruling by the district court. Plaintiffs further move the Court pursuant to Rule 12.1(b) to retain jurisdiction over the pending appeal but remand this action to the district court for the limited purpose of allowing the district court to grant, as the court has indicated it will, Plaintiffs' consent motion to dismiss with prejudice the remaining claims against Defendant

1

Xavier Becerra regarding the U.S. Department of Health and Human Service's own Facebook page. Defendants–Appellees ("Defendants") consent to this motion.

**PROCEDURAL BACKGROUND**

On September 9, 2021, Plaintiffs filed a complaint for declaratory and injunctive relief naming as Defendants Francis Collins, in his official capacity as then-Director of the National Institutes of Health ("NIH"), and Xavier Becerra, in his official capacity as Secretary of the U.S. Department of Health and Human Services ("HHS"). *See People for the Ethical Treatment of Animals v. Tabak*, No. 21-CV-2380 (BAH) (D.D.C. Mar. 31, 2023) (*PETA*), Compl., ECF No. 1. The complaint asserted two claims against HHS: (1) that HHS was liable for the NIH's keyword blocking based on its managerial authority over the NIH, *id.* ¶ 12; and (2) that HHS was liable for its own use of keyword blocking on the HHS Facebook page, *id.* ¶¶ 58–59, 65; *see also id.* ¶¶ 53–55, 65–66, 71–72, 78–79, 80–83.

On February 11, 2022, the parties filed a joint stipulation of facts and a joint status report informing the district court of their intent to file cross-motions for summary judgment as to the claims against the NIH and HHS based on the NIH's use of keyword blocking on its Facebook and Instagram accounts. *PETA* Joint Stipulation, ECF No. 28; *PETA* Joint Status Report, ECF No. 29.

On March 31, 2023, the district court held that Defendants were entitled to judgment as a matter of law on Plaintiffs' claims concerning the NIH's keyword

blocking. *PETA* Mem. Op. 30, ECF No. 44. In a separate order entered on the same day, the district court granted Defendants' cross-motion for summary judgment, denied Plaintiffs' motion for summary judgment, and directed the Clerk of the Court to close the case. *PETA* Order, March 31, 2023, ECF No. 43.

On May 11, 2023, Plaintiffs filed a notice of appeal of the district court's March 31, 2023 order. *PETA* Pls.' Notice of Appeal, ECF No. 45. As a result of an oversight, Plaintiffs did not seek to have their claims related to HHS's Facebook account resolved prior to filing their notice of appeal. On May 15, 2023, the appeal was transmitted to the D.C. Circuit. *PETA* Transmission of the Notice of Appeal, ECF No. 46. The parties proceeded to file the appendix and their briefs on appeal, and that briefing is nearly complete.

Defendants noted in their Brief for Appellees that because the cross-motions for summary judgment did not address all of Plaintiffs' claims, this Court lacks jurisdiction. Doc. No. 2026268 at 20–21. Defendants further stated that they would not object to Plaintiffs taking steps to cure the jurisdictional defect by dismissing their remaining claims against HHS with prejudice in the district court. *Id.* at 21.

On December 6, 2023, with Defendants' consent, Plaintiffs filed with the district court a motion for an indicative ruling asking the district court to dismiss the remaining claims against HHS with prejudice. On December 6, 2023, the district

3

court granted the motion and issued an indicative ruling under Federal Rule of Civil Procedure 62.1. *PETA* Minute Order, Dec. 6, 2023.

## RELIEF REQUESTED

Federal Rule of Appellate Procedure 12.1(b) provides that when a party files a motion with the district court and the "district court states that it would grant the motion . . . , the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." The advisory committee notes to Rule 12.1 explain that the rule "is helpful when relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal." Fed. R. App. P. 12.1 Advisory Committee Note to 2009 Adoption. The Court may "remand for the sole purpose of ruling on the motion while retaining jurisdiction to proceed with the appeal after the district court rules on the motion (if the appeal is not moot at that point and if any party wishes to proceed)." *Id.*

Here, on December 6, 2023, the district court issued an indicative ruling stating that it would "grant the parties' . . . Consent Motion to Dismiss Remaining Claims with Prejudice, if the Court of Appeals remanded the case for this limited purpose." *PETA* Minute Order, Dec. 6, 2023.

Given this indicative ruling, Plaintiffs respectfully request that this Court grant their consent motion to remand the case to the district court for the limited purpose of allowing the district court to grant Plaintiffs' consent motion to dismiss

4

with prejudice the remaining claims against Defendant Xavier Becerra regarding HHS's own Facebook page. Moreover, it is in the interest of judicial economy to support the parties' joint efforts to properly prepare this case for review by the Court.

Pursuant to Federal Rule of Appellate Procedure 12.1(b), Plaintiffs would promptly notify the Court when the district court decides the underlying motion.

December 7, 2023

Respectfully submitted,

 /s/ Christopher A. Berry
Christopher A. Berry
Animal Legal Defense Fund
525 E. Cotati Ave.
Cotati, CA 94931
(707) 795-2533 ext. 1041
cberry@aldf.org

Caitlin M. Foley
Animal Legal Defense Fund
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(707) 795-2533 ext. 1043
cfoley@aldf.org

*Counsel for Plaintiffs-Appellants Madeline Krasno and Ryan Hartkopf*

 /s/ Ashley Ridgway
Ashley Ridgway
Asher Smith
Aaron Frazier
PETA Foundation
1536 16th Street NW
Washington, DC 20036
(202) 483-7382

 /s/ Katherine Fallow
Katherine Fallow
Alexia Ramirez
Stephanie Krent
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
katie.fallow@knightcolumbia.org

*Counsel for Plaintiffs-Appellants*

5

ashleyr@petaf.org

*Counsel for Plaintiff-Appellant People
  for the Ethical Treatment of Animals*

## Certificate of Compliance

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 888 words, as calculated by the word-counting function.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ Katherine Fallow
Katherine Fallow

## **Certificate of Service**

I, Katherine Fallow, certify that on December 7, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                                   /s/ Katherine Fallow
                                                   Katherine Fallow