ORAL ARGUMENT NOT YET SCHEDULED

Case No. 23-5110

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

People for the Ethical Treatment of Animals, Madeline Krasno, and Ryan Hartkopf,

*Appellants,*

v.

Lawrence A. Tabak, in his official capacity as Acting Director of the National Institutes of Health, and Xavier Becerra, in his official capacity as Secretary of the U.S. Department of Health and Human Services,

*Appellees.*

Appeal from the United States District Court for the District of Columbia, No. 21-cv-02380-BAH
Hon. Beryl A. Howell

**AMENDED NOTICE OF INTENT OF ELECTRONIC FRONTIER FOUNDATION AND FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF APPELLANTS AND REVERSAL**

Sophia Cope
David Greene
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109-7701
Tel: (415) 436-9333
Fax: (415) 436-9993
sophia@eff.org

*Attorneys for Amici Curiae Electronic Frontier Foundation and Foundation for Individual Rights and Expression*

September 14, 2023

# CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rule 26.1 and Federal Rule of Appellate Procedure 26.1, *amici* submit the following corporate disclosure statement: *Amici* Electronic Frontier Foundation (EFF) and Foundation for Individual Rights and Expression (FIRE) are donor-funded, nonprofit civil liberties organizations. EFF and FIRE have no parent corporations and do not issue stock.

September 14, 2023               */s/ Sophia Cope*
                                 Sophia Cope

                                 *Attorneys for Amici Curiae*
                                 *Electronic Frontier Foundation and*
                                 *Foundation for Individual Rights and*
                                 *Expression*

## NOTICE OF INTENT TO FILE *AMICUS* BRIEF

Pursuant to Federal Rule of Appellate Procedure 29(a) and D.C. Circuit Rule 29(b), the Electronic Frontier Foundation (EFF) and Foundation for Individual Rights and Expression (FIRE) represent that they intend to participate in this case as *amici curiae*. Appellants and appellees have consented to the filing by EFF of an *amicus* brief.

EFF is a member-supported nonprofit organization devoted to protecting civil liberties in the digital age. EFF has worked for over 30 years on behalf of its more than 39,000 dues-paying members, recognizing the internet's power as a tool of democratization, to protect the rights of users to transmit and receive information online. EFF has written extensively on the issues presented in this appeal.[1]

The Foundation for Individual Rights and Expression (FIRE) is a nonpartisan, nonprofit organization dedicated to defending the individual rights of all Americans to free speech and free thought—the most essential qualities of

---

[1] *See, e.g.*, Camille Fischer, *Can the Government Block Me on Twitter?: 2018 Year in Review*, EFF Deeplinks (Dec. 22, 2018), https://www.eff.org/deeplinks/2018/12/can-government-block-me-twitter-2018-year-review; David Greene & Karen Gullo, *When Tweets Are Governmental Business, Officials Don't Get to Pick and Choose Who Gets to Receive, Comment On, and Reply to Them. That Goes for the President, Too*, EFF Deeplinks (Nov. 30, 2017), https://www.eff.org/deeplinks/2017/11/when-officials-tweet-about-government-business-they-dont-get-pick-and-choose-who.

liberty. Since 1999, FIRE has successfully defended the rights of individuals through public advocacy, strategic litigation, and participation as *amicus curiae* in cases that implicate expressive rights under the First Amendment.

Each *amicus* has filed *amicus* briefs in similar cases, including the companion cases currently before the U.S. Supreme Court: *O'Connor-Ratcliff v. Garnier* (No. 22-324) and *Lindke v. Freed* (No. 22-611).

Accordingly, the proper resolution of this case is a matter of significant interest to EFF, FIRE and their members and supporters. *Amici* intend to file a brief of 6,500 words or fewer to address the importance of courts scrutinizing the implementation of "off-topic" rules that are used to justify a designation that a government-run social media account is a limited public forum, given the risk of viewpoint discrimination in violation of citizens' First Amendment rights.

*Amici* respectfully submit that this notice is timely filed under D.C. Circuit Rule 29(b). *Amici* intends to file its brief no later than September 15, 2023 in accordance with D.C. Circuit Rule 29(c).

In addition, pursuant to D.C. Circuit Rule 29(d), *amici* have worked to eliminate or minimize any overlap with the issues addressed by other *amici*.

September 14, 2023                    Respectfully submitted,

                                       */s/ Sophia Cope*
                                       Sophia Cope

3

>David Greene
>ELECTRONIC FRONTIER FOUNDATION
>815 Eddy Street
>San Francisco, CA 94109-7701
>Tel: (415) 436-9333
>Fax: (415) 436-9993
>sophia@eff.org
>
>*Attorneys for Amici Curiae*
>*Electronic Frontier Foundation and*
>*Foundation for Individual Rights and*
>*Expression*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2023 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                          */s/ Sophia Cope*
                                          Sophia Cope